IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,
*ex rel.* JAMES HETHERINGTON and
JOE SCANDORE,

      Plaintiffs,                                              CIV No. 98-939 MV/JHG

vs.

SUN MICROSYSTEMS, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss First Amended Complaint for Failure to Plead Fraud with Particularity or Alternatively to Strike Offending Portions of the Complaint **[Doc. No. 28]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion will be **GRANTED in part** and **DENIED in part**.

### BACKGROUND

Defendant, through its subsidiary SunService Division, sold computer products and maintenance and service contracts. Plaintiff Hetherington was employed by Defendant as a sales representative from 1987 to 1994, primarily selling to government agencies in New Mexico, including Sandia National Laboratories. Scandore was similarly employed during approximately

the same time period, primarily selling to the Los Alamos National Laboratory. On August 6, 1998, Plaintiffs filed a First Amended Complaint alleging violations of the False Claims Act, 31 U.S.C. § 3729 *et seq.* as Relators for and on behalf of the federal government.

Plaintiffs allege that during their employment they sold tens of thousands of computer workstations, which usually included a maintenance agreement that cost approximately 10% of the workstation per year—typically from $10,000 to $25,000. Plaintiffs further allege that in 1991 Defendant instructed them to provide a 50% discount on maintenance contracts to new workstations in order to boost sales. Potential customers were informed that this 50% discount eliminated the difference between the price of a new system and the price of an upgrade within a few years. This discount program lasted from approximately 1991 to 1994.

According to Plaintiffs, Defendant never provided the promised discount on the new maintenance contracts, but rather continued with the prior billing system at full price, resulting in monthly charges as high as $350 per month. Moreover, Plaintiffs allege that the use of the old billing system required falsification of the serial numbers on the maintenance agreements. Plaintiff Scandore alleges that he objected to this practice in phone conversations, emails, and meetings with various supervisory personnel and was consequently subjected to retaliation and harassment, forcing him to resign in February 1994. As a result of its improper billing practices, Plaintiffs believe that federal agencies and contractors, who purchased Sun workstations from 1991 to 1994, were overbilled approximately $75–100 per month on each workstation.[1] Plaintiffs further

---

[1] In their First Amended Complaint, Plaintiffs also calculate the improper billing to have been approximately $750–2100 per workstation per year. The Court does not understand how Plaintiffs reached this estimate when they also allege that Defendant improperly billed approximately $75–100 per month per workstation (*i.e.*, there are not 21 months in one year). Since this is a detailed matter concerning damages, the Court will not dismiss the complaint solely

allege that this practice took place throughout the United States since only 2% of Defendant's business occurred in New Mexico.

Additionally, Plaintiffs allege that their "Sales Representatives Commission Plan" required payment of commissions on the sales of maintenance agreements in addition to the sales of workstations and systems. Nevertheless, Plaintiffs never received commissions for maintenance agreements on new computer products sold after 1991.

**STANDARDS**

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989). In considering a Rule 12(b)(6) motion, the Court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *Housing Auth. of the Kaw Tribe v. City of Ponca City,* 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claim. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

These deferential rules, however, do not allow the Court to assume that a plaintiff "can prove facts that [he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). "[G]ranting a motion to

---

due to this mathematical discrepancy.

dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.,* 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins,* 792 F.2d 975, 978 (10th Cir. 1986)).

A motion to dismiss for failure to plead with particularity circumstances that could justify an inference of fraud as required by Rule 9(b) of the Federal Rules of Civil Procedure is treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Grossman v. Novell, Inc.,* 120 F.3d 1112, 1118 (10th Cir. 1997). "The purpose of Rule 9(b) is to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based. . . . Simply stated, a complaint must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (citations and quotations omitted). Moreover, the "requirements of Rule 9(b) must be read in conjunction with the principles of Rule 8, which calls for pleadings to be 'simple, concise, and direct, . . . and to be construed as to do substantial justice." *Id.* (quoting Fed. R. Civ. P. 8).

Additionally, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a trial court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Because striking pleadings is a drastic remedy, . . . motions to strike are usually only granted when the allegations have no bearing on the controversy and the movant can show that he has been prejudiced." *Sierra Club v. Young Life Campaign*, 176 F. Supp.2d 1070, 1086 (D. Colo. 2001).

**DISCUSSION**

As an initial matter, the Court is not currently concerned with the circumstances surrounding Plaintiffs' state action against Defendant; nor is it concerned with Plaintiffs' motivations in filing this federal civil action. At this juncture, the Court is solely addressing whether or not Plaintiffs can prove a set of facts supporting their claim that would entitle them to relief, and whether their First Amended Complaint pleads with particularity the circumstances that could justify an inference of fraud.

**I.     Allegations of Fraud in New Mexico**

With regard to Plaintiffs' allegations about the maintenance agreements of their customers in New Mexico, the Court finds that the First Amended Complaint satisfies the particularity requirements of Rule 9(b) in order to survive Defendant's motion to dismiss by setting forth "the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Schwartz*, 124 F.3d at 1252. The "time" of the false representation was the period when the alleged discount program was in effect—between 1991 and 1994, and the subsequent invoices resulting from sales during that time period. The "place" of the false representation was in New Mexico, where Plaintiffs' customers purchased their new workstations and maintenance agreements and received their monthly or quarterly invoices. The "contents" of the false representation were (1) the corporate policy of providing a 50% discount on maintenance agreements with the purchase of new workstations as promised to customers, and (2) the invoices for the maintenance agreements that allegedly included falsified serial numbers so that the discount would not be implemented. The "identity of the party making the false statements" is clearly Defendant Sun Microsystems through its subsidiary SunService Division.

Plaintiffs have also properly alleged the consequences of Defendant's purported false representations—that their customers were improperly billed the full price of their maintenance agreements, resulting in illegal financial gains by Defendant.

The Court believes that all of Plaintiffs' allegations in the First Amended Complaint sufficiently affords Defendant fair notice of the claims and the underlying factual bases of those claims. Basically, Defendant has been notified that the alleged factual representations concerned new workstations and maintenance agreements sold by Plaintiffs to federal agencies in New Mexico between 1991 and 1994. Therefore, Defendant has enough information to limit its discovery to the specific allegations of the First Amended Complaint and to prepare for its defense.

Defendant's reliance on *United States v. Cheng*, 184 F.R.D. 399 (D.N.M. 1998), is misplaced. In that decision, this Court found the plaintiff's allegations of fraud to be "conclusory" by not providing "even a vague description of the content of the fraudulent statements and . . . no grounds from which this Court might infer what about those statements is false." *Id.* at 402. The *Cheng* plaintiff merely alleged in its complaint that the defendant "submitted fraudulent leave slips or failed to submit leave slips for hours he was absent" without explaining what made those statements fraudulent. *Id.* (quoting Complaint ¶ 9). Not so in this case, where Plaintiffs have not only indicated the alleged fraudulent statements, but have also explained the "mechanics" of the alleged fraud. *See United States ex rel. Downy v. Corning, Inc.*, 118 F. Supp. 2d 1160 (D.N.M. 2000).

## II. Allegations of Fraud in the Rest of the United States

The Court is not similarly persuaded by Plaintiffs' pleadings regarding an alleged fraud outside of New Mexico and, therefore, holds that any allegations in the First Amended Complaint about the fraud being national in scope shall be dismissed because they were not pleaded with sufficient particularity to satisfy Rule 9(b).

In support of their claim that Defendant's allegedly fraudulent practices occurred throughout the country, Plaintiffs merely state that "the practice of inappropriate billing existed across the country," (First Amended Complaint ("Compl.") ¶ 24), that the sales directive was "national," (Compl. ¶ 25), and that "the practice involved the entire country, as Sun Microsystems, Inc. only did less than 2% of its business in New Mexico," (Compl. ¶ 26). Plaintiffs provide no other allegations that indicate Defendants' practices in New Mexico were reflected throughout the country. The Court finds these conclusory statements to be wholly insufficient to survive Defendants' motion to dismiss.

Because the Court has dismissed those portions of the First Amended Complaint that concern allegations of fraud outside of New Mexico, it does not find it necessary to address Defendant's motion to strike.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss First Amended Complaint for Failure to Plead Fraud with Particularity or Alternatively to Strike Offending Portions of the Complaint **[Doc. No. 28]** shall be **GRANTED in part** and **DENIED in part**. Only the portions of the First Amended Complaint that allege fraud outside of New Mexico shall

be dismissed.

Dated this 15th day of April, 2002.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney(s) for Plaintiff(s):
Chris Lucero, Jr., Esq.
Howard R. Thomas, Esq.
George C. Vitelli, Esq.
David W. Ogden, Esq.

Attorney(s) for Defendant(s):
David A. Rammelkamp, Esq.
Shari L. Sterud, Esq.